IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY WILBOURN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-109-DRH |
| | ) |
| WARDEN SHERROD, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner Anthony Wilbourn filed this action pursuant to 28 U.S.C. § 2241 to challenge his sentence enhancement as a career offender under U.S.S.G. §4B1.2(a).

**PROCEDURAL BACKGROUND**

Wilbourn was convicted of bank robbery and brandishing a firearm in furtherance of a crime of violence, for which he is serving an aggregate term of 384 months imprisonment. *United States v. Wilbourn*, Case No. 01-cr-00064-RLM (N.D. Ind., filed Oct. 11, 2001), *aff'd* 336 F.3d 558 (7th Cir. 2003). In 2004, Wilbourn filed a motion pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of counsel, prosecutorial misconduct, and vagueness and misapplication of the "career offender" provisions of the sentencing guidelines; his motion was denied. *Wilbourn v. United States*, Case No. 04-cv-747 RM (N.D. Ind., filed July 29, 2004), *appeal dismissed*, Appeal No. 05-3052 (7th Cir., filed June 20, 2005). Wilbourn later filed a second motion under § 2255, but it was denied as an unauthorized second or successive petition. *Wilbourn v. United States*, Case No. 07-cv-

467 RM (N.D. Ill., filed Oct. 1, 2007).

**ARGUMENT PRESENTED**

As summarized by the district judge in Wilbourn's first § 2255 proceeding, Wilbourn was sentenced as a career offender based upon "his Indiana state court convictions for residential burglary (class B felony), and for criminal recklessness (class D felony)." *Wilbourn*, Case No. 04-cv-747 RM (Doc. 3, p. 12). Primarily at issue in this action is Wilbourn's conviction for criminal recklessness. The district judge stated the following in discussing that conviction:

> Section 4B1.2(a) also includes in its definition of "crime of violence" any federal or state crime that "involves conduct that presents a serious potential risk of physical injury to another." Mr. Wilbourn's felony conviction for criminal recklessness plainly fits this definition because the Indiana statute under which he was convicted defines criminal recklessness as "(1) an act that creates a substantial risk of bodily injury to another person; or (2) hazing." IND. CODE § 35-42-2-2(b). Under that same statute, an essential element of "hazing" is forcing or requiring another person "to perform an act that creates a substantial risk of bodily injury." IND. CODE § 35-42-2-2(a). So by its very own statutory definition "criminal recklessness" fits well within the guidelines' definition of a "crime of violence."

*Wilbourn*, Case No. 04-cv-747 RM (Doc. 3, p. 13).

On April 16, 2008, the Supreme Court decided the case of *Begay*, holding that the New Mexico felony offense of driving under the influence of alcohol does not constitute a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). The Supreme Court reasoned that, unlike the examples provided in the statute ("burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another"), "statutes that forbid driving under the influence, such as the statute before us, typically do not insist on purposeful, violent, and aggressive conduct." *Begay v. United States*, — U.S. —, 128 S.Ct. 1581,1586 (2008). Thus, to determine whether a prior conviction constitutes a "violent felony," or "crime of violence" as defined by 18 U.S.C. § 16, *Begay* mandates a two-part inquiry.

First, the court must find that the potentially qualifying conviction "involves conduct that presents a serious potential risk of physical injury" to another. Second, the court must determine whether such conviction is "roughly similar, in kind as well as in degree of risk posed, to the examples" listed immediately prior to the phrase "involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 1584-87.

Shortly after *Begay* was decided, the Seventh Circuit had the opportunity to consider whether an Indiana conviction for "criminal recklessness" constitutes a crime of violence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *United States v. Smith*, 544 F.3d 781 (7th Cir. 2008). The Seventh Circuit noted, first, that

> [t]he language of Indiana's criminal recklessness statute partially mirrors that of the ACCA – it requires that the person perform an act that "creates a substantial risk of bodily injury to another person." Ind.Code § 35-42-2-2(b)(1). The criminal recklessness statute departs from the language of the ACCA in one important respect, however; in addition to encompassing those offenders who *intentionally* perform an act that creates a substantial risk of bodily injury to another person, the statute also expressly encompasses those individuals who do so recklessly. The Indiana statute therefore criminalizes *non-purposeful* conduct as well as *purposeful* conduct.
>
> Under the categorical approach, we consider the offense generically; we may not inquire into the specific conduct of a particular offender. *Begay*, 128 S.Ct. at 1584; *James*, 127 S.Ct. at 1594.  When a statute encompasses multiple categories of offense conduct – some of which would constitute a violent felony and some of which would not – we may expand our inquiry into a limited range of additional material in order to determine whether the jury actually convicted the defendant of (or, in the case of a guilty plea, the defendant expressly admitted to) violating a portion of the statute that constitutes a violent felony. *Shepard v. United States*, 544 U.S. 13, 16-17, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143; *Spells*, 537 F.3d 743, 749; *United States v. Mathews*, 453 F.3d 830, 833-34 (7th Cir. 2006).  These additional materials are limited to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26, 125 S.Ct. 1254.  Such an examination, however, is " only to determine which part of the statute the defendant violated." *United States v. Howell*, 531 F.3d 621, 623 (8th Cir. 2008); *see also Mathews*, 453 F.3d at 834.  This rule is not meant

>to circumvent the categorical approach by allowing courts to determine whether the actual conduct of the individual defendant constituted a purposeful, violent and aggressive act. *See Shepard*, 544 U.S. at 25, 125 S.Ct. 1254 (discussing the problems inherent in judicial fact-finding, particularly after *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and noting that looking further into the facts surrounding a prior conviction likely would violate the standard set forth in *Apprendi*); *Mathews*, 453 F.3d at 834 n. 8 (discussing *Shepard*, and noting that "this limitation preserves the categorical approach of *Taylor* and ensures that a defendant was 'necessarily' convicted of a generic burglary").

*Id.* at 786-87 (emphasis in original; footnote omitted).[1] It is upon this line of cases that Wilbourn relies in the instant petition.

### SECTION 2255 FORECLOSES REVIEW OF WILBOURN'S § 2241 PETITION

The analysis of Wilbourn's *habeas corpus* petition in this Court begins and ends with 28 U.S.C. § 2255. Typically, § 2255 is the exclusive means by which a federal prisoner may collaterally attack his conviction. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A federal prisoner may not seek relief pursuant to 28 U.S.C. § 2241 unless he can first show that § 2255 is "inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e).

In the Seventh Circuit, § 2255 is "inadequate or ineffective" in this context only in those cases in which the statute's provisions prevent a prisoner from obtaining judicial review of a legal theory that establishes his "actual innocence." *Kramer*, 347 F.3d at 217. Thus, in order to succeed Wilbourn must show first that the legal theory he advances relies on a change in law that (a) postdates his first § 2255 motion(s) and (b) fails to satisfy the provisions of § 2255 for successive motions. *Id.* Secondly, Wilbourn must establish that his legal theory "supports a non-frivolous

---

[1] The Court recognizes that Wilbourn was not convicted under the ACCA. However, the Seventh Circuit has since considered the question as applied to U.S.S.G. §4B1.2, albeit on direct appeal, and found that the same analysis applies. *See United States v. Woods*, 576 F.3d 400 (7th Cir. 2009). In so doing, the Seventh Circuit found that the crime of involuntary manslaughter, as defined by Illinois law, 720 ILCS 5/9-3(a), does not constitute a crime of violence. *Id.* at 412-13.

claim of 'actual innocence.'" *Id*.

Wilbourn relies on a legal theory that post-dates his direct appeal and his first § 2255 motion. The *Begay* case on which his argument primarily relies was not decided until 2008, several years after his direct appeal and his initial § 2255 motion. *Supra*. Wilbourn clears the first hurdle. Thus, the next step is to determine if that theory fails to satisfy § 2255's provisions governing successive motions.

In order to bring a second or successive motion pursuant to § 2255, a petitioner must convince the appellate court of the circuit of his conviction that (a) there is newly discovered evidence that clearly and convincingly establishes that no reasonable factfinder would have found the movant guilty of the crime of conviction; or (b) there is a new (and material) rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was not previously available. 28 U.S.C. § 2255(h)(1-2).

Wilbourn's legal theory is not based on "newly discovered evidence" demonstrating he is actually innocent of the crime of conviction. Nor is it based on a new rule of constitutional law. Rather, it is based on a decision of statutory construction by the Supreme Court. *See Begay v. United States*, 128 S. Ct. 1581 (2008). Thus, his legal theory does not fall within either of § 2255's provisions allowing second or successive motions, and he passes the second hurdle. However, his petition stumbles on the last hurdle because, as will be made clear, his legal theory does not establish a "non frivolous" claim of actual innocence of the crimes to which he pleaded guilty.

Wilbourn claims he is "actually innocent," not of the federal crimes for which he pleaded guilty, but of being a "career offender" pursuant to U.S.S.G. § 4B1.1. He argues he is not a "career offender" because his prior conviction for criminal recklessness, upon which the sentencing

enhancement was partly based, required only a negligent or reckless level of *mens rea* and such crimes do not qualify as a "crime of violence" pursuant to *Begay* and its progeny.  His claim, in other words, is that in retrospect the sentencing court misapplied the Sentencing Guidelines resulting in a lengthier sentence than he should have received for the crimes he pleaded guilty to committing. Unfortunately for Wilbourn, such claims are not appropriate for collateral review.  *Montenegro v. United States*, 248 F.3d 585, 596 (7th Cir. 2001) (citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993)); *also see In re Davenport*, 147 F.3d 605, 609-610 (7th Cir. 1998).[2]

Wilbourn was not convicted of being a "career offender."  It is not a "crime" to be a "career offender."  Rather, that status is a sentencing enhancement that acts to increase the sentence of a convicted defendant that meets the definition.  *See* U.S.S.G. § 4B1.1.  It is intended to ensure increased sentences for recidivist offenders who committed crimes of violence or drug offenses.  *See United States v. Labonte*. 520 U.S. 751, 774, 117 S. Ct. 1673 (1997).  Being innocent of being a career offender is innocence only in a "technical sense," which is insufficient to show that § 2255 is "inadequate or ineffective" and thus allow a § 2241 petition by a federal prisoner.  *In re Davenport*, 147 F.3d 605, 609-610 (7th Cir. 1998).  Instead, such a claim is appropriate for a direct appeal or a § 2255 motion to vacate or modify sentence.

Wilbourn had his direct appeal and filed a § 2255 motion advancing, without success, the same argument he now makes (albeit without the case law he now cites).  However, his lack of success or even the fact that, in retrospect, an error may have been made in his sentence, in denying his direct appeal, or in denying his § 2255 motion does not show § 2255 to be "inadequate or

---

[2]  The 7th Circuit overruled part III of *Montenegro* in *Ashley v. United States*, 266 F.3d 671, 674 (7th Cir. 2001).  The Court's citation to *Montenegro* does not fall within the overruled section of the case, which has no bearing on the Court's decision.

ineffective" as the law defines those terms. *See Taylor v. Gilkey*, 314 F.3d 832, 835-836 (7th Cir. 2002). In sum, Wilbourn's claim falls short of the magnitude of error that is sufficient to allow his petition to proceed on the merits.

In order to gain a review on the merits of his Petition, Wilbourn's legal theory cannot merely attack the length of his sentence, but must demonstrate a nonfrivolous claim that he is <u>actually innocent of the crimes</u> for which he pleaded guilty. *See Unthank v. Jett*, 549 F.3d 534, 535-536 (7th Cir. 2008); *Kramer v. Olson*, 347 F.3d 214, 217-219 (7th Cir. 2003); *In re Davenport*, 147 F.3d at 609-610. Arguments that a sentence enhancement was misapplied simply do not represent a fundamental miscarriage of justice that the law requires to allow a federal prisoner to collaterally attack his sentence pursuant to § 2241. *See Unthank*, 549 F.3d at 535-536; *Kramer*, 347 F.3d at 217-219; *Cooper v. United States*, 199 F.3d 898, 899-901 (7th Cir. 1999); *In re Davenport*, 147 F.3d at 609-610. Thus, the Court finds that Wilbourn fails to demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."

## **CONCLUSION**

What Wilbourn seemingly fails to grasp is that even if his legal theory is correct, which at first blush is questionable, this Court has no power to consider the merits of his § 2241 petition because §2255(e) prohibits such a review.[3] While Wilbourn may consider this result unfair or even unjust given his predicament, the law is well established. Except for very narrowly defined circumstances, Congress determined that convicted prisoners are allowed a limited number of "bites at the apple" before all further collateral attacks on their sentence and conviction are cut off regardless of the merit of the legal argument. Wilbourn's argument does not meet those narrowly

---

[3] Of course, this Court also cannot entertain a § 2255 petition from Wilbourn because such petitions must be brought in the sentencing court. 28 U.S.C. § 2255(a).

defined circumstances.  Thus, the Court must deny his Petition.

Wilbourn is advised that pursuant to 28 U.S.C. § 2253(a), he has the right to appeal this decision.  In order to do so, he must file a Notice of Appeal with the Clerk of the Southern District of Illinois within 30 days of judgment being entered.  These instructions should not be construed as an invitation to appeal.  Given the history of his post conviction challenges and his legal theory, the Court finds that any appeal from this order lacks good faith pursuant to 28 U.S.C. § 1915(a)(3).

In sum, the Court finds that Wilbourn fails to make a non-frivolous claim of actual innocence of the crime of conviction that is necessary to satisfy the 7th Circuit's standard for a federal prisoner to collaterally attack his sentence via 28 U.S.C. § 2241.  Thus, pursuant to 28 U.S.C. § 2255(e), the Court is without jurisdiction to consider the merits of his § 2241 petition. Accordingly, Wilbourn's Petition is **DENIED** and **DISMISSED, WITH PREJUDICE**.  All pending motions are now **MOOT**.

**IT IS SO ORDERED.**

**DATED:   September 21, 2009.**

/s/     DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**